IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02918-PAB

BRETT CORNELIUS,

    Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

    The Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] of defendant USAA General Indemnity Company ("USAA"). USAA asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 2.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  USAA asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 1, ¶ 2.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  The facts presently alleged are insufficient to establish plaintiff's citizenship.

The Notice of Removal asserts that plaintiff is "a citizen of Colorado."  Docket No. 1 at 1, ¶ 3.  This assertion is based on the state court complaint, which alleges that plaintiff is a "resident of El Paso County."  Docket No. 1-1 at 1, ¶ 1.  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with

2

'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Defendant additionally claims that plaintiff is a citizen because the State of Colorado Traffic Accident Report lists a Colorado address for plaintiff, plaintiff carried a Colorado driver's license and maintained a registered vehicle in Colorado, plaintiff's USAA auto policy lists a Colorado address, and plaintiff has resided in Colorado since at least August 28, 2017. Docket No. 1 at 1-2, ¶ 3. However, plaintiff's residency at the time of the accident does not necessarily establish domicile. *See Macias v. Twin City Fire Ins. Co.*, No. 19-cv-00742-PAB, 2019 WL 1594255, at *1 (D. Colo. Apr. 15, 2019) (finding that police report from underlying accident listing defendant's address was insufficient to prove defendant's citizenship). The allegations that plaintiff had a Colorado driver's license and registered his vehicle in Colorado are similarly insufficient, as a person may have multiple vehicles registered in more than one state. *Cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices; . . . location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; . . . driver's license and automobile registration; [and] payment of taxes"). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d

1197, 1200-01 (10th Cir. 2014). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260 (citing *Keys Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)). While defendant has alleged that plaintiff has resided in Colorado since August 28, 2017, Docket No. 1 at 2, ¶ 3, defendant has not demonstrated sufficient facts of plaintiff's intent to remain.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of the plaintiff and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **December 16, 2020**, defendant shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED December 2, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge